UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK A. VERCRUYSSE,

    Petitioner,

Case No. 1:16-cv-60

Hon. Janet T. Neff

v.

BONITA HOFFNER,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Patrick A. Vercruysse (the "petitioner") filed a mixed, amended petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (ECF No. 3). On August 8, 2017, the Court granted petitioner's motion to stay the federal habeas proceedings to allow him to exhaust the unexhausted claims in the state court. *See* Order to stay proceedings and administratively close the case (ECF No. 18); *Rhines v. Weber*, 544 U.S. 268 (2005). This matter is now before the Court on petitioner's motion to re-open the proceedings (ECF No. 24). For the reasons discussed below, the undersigned recommends that the motion be granted in part and denied in part.

After Vercruysse filed the amended petition, he asked this Court to hold the petition in abeyance so that he could exhaust state claims. *See* Motion (ECF No. 13). Petitioner sought to exhaust Issue II, which raised the following claim:

> Petitioner's conviction for first degree murder must be vacated due to insufficient evidence that he murdered the victim by strangulation. U.S. Const. Amend. XIV.

*See* Order (ECF No. 18, PageID.1451). This Court addressed the motion in pertinent part as follows:

1

In her answer, respondent points out that Issue II is unexhausted, because petitioner's habeas claim raises new grounds attacking the sufficiency of the evidence. *See* Answer (ECF No. 7, PageID.130-138). While petitioner's direct appeal asserted that the evidence was insufficient to support his conviction, he limited this claim to the cause of death. In this regard, the Michigan Court of Appeals addressed petitioner's claim as follows:

> Defendant does not argue that the evidence was insufficient to prove intent to kill, premeditation, deliberation, or his identity as the perpetrator of the homicide. Defendant only argues that the evidence was insufficient to prove that the victim died as a result of strangulation or suffocation, or both. Proof that the victim died as a result of strangulation or suffocation is not an element of first-degree murder. However, the jury instructions indicated that death by strangulation or suffocation was a fact that the prosecution had to prove beyond a reasonable doubt.

*Vercruysse*, PageID.724-725. Respondent points out that petitioner's sufficiency of the evidence claim presented in the habeas petition exceeds the narrow issue reviewed by the state appellate court and "contests nearly every other aspect of his murder conviction, but not whether there was sufficient evidence of strangulation or suffocation." Respondent's Answer at PageID.136. For example, petitioner now challenges intent, motive, premeditation, and deliberation. *Id.* at PageID.136-137; Amend. Petition Attachment (ECF No. 3-1, PageID.80-84). Respondent points out that these new claims are unexhausted. Petitioner agrees, and has asked to stay the habeas proceedings so that he can exhaust these claims in the state court.

*Id.* at PageID.1451-1452.

In granting petitioner's motion to stay these proceedings, the Court found that "Petitioner has a procedure available to exhaust the additional claims related to sufficiency of the evidence by filing a motion for relief from judgment pursuant MCR 6.500 *et. seq.*" and that "[t]he Sixth Circuit has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.2002). Accordingly, this Court ordered:

> that petitioner shall have thirty (30) days from the date of this order to file a motion for relief from judgment in the Eaton County Circuit Court raising the sufficiency of the evidence claim with respect to intent, motive, premeditation, and

2

> deliberation. Petitioner must file a motion to lift the stay and re-open this action no later than thirty (30) days after a final decision by the Michigan Supreme Court on his unexhausted claims. Petitioner's motion shall include a description of the newly exhausted claims and the dates and substance of decision at each step of state-court review.

Order (ECF No. 18, PageID.1453).  The Court advised Vercruysse "that if [he] fails to comply with the deadlines imposed in this order, the Court may dismiss the petition." *Id.* at PageID.1454.

Petitioner later moved for an extension of time to file the motion for relief from judgment in the state court.  While petitioner stated that during a past transfer, his legal transcripts and supplies arrived four months late, he did not set forth any evidence that this type of problem occurred in the present case.  The gist of petitioner's motion for a 90-day extension was that "the normal restrictions of prison life" (*e.g.*, prison transfers, limited access to the law library, limited access to a typewriter, his prison work assignment, chow, and emergency lockdowns for count) would make it difficult to prepare and file a motion in 30 days, and that he believed that it was in the interests of justice to give him a 90-day extension of time to file the motion.  *See* Motion (ECF No. 20, PageID.1459).   This Court denied the motion stating in part,

> The Sixth Circuit has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In his motion, petitioner requested an extension of 90 days (ECF No. 19). The Court does not consider a 90-day extension reasonable.  Accordingly, petitioner's motion for an extension (ECF No. 19) is **DENIED**.

Order (ECF No. 23, PageID.1466).  Implicit in the 30-day "reasonable time" for filing a motion for post-conviction relief in state court under *Palmer*, is the consideration that habeas petitioners, like Vercruysse, are state prisoners subject to the normal restrictions of prison life.  In short, there is no reason why petitioner needed 60 more days to file a motion for relief from judgment. Petitioner did not appeal the order denying him a 90-day extension.

3

Petitioner has not provided any evidence that he filed his motion for relief from judgment within 30 days as directed by the Court. While petitioner provided parts of the state court record in support of his motion to re-open the proceedings, the date that he filed the motion for relief from judgment in the Eaton County Circuit Court is conspicuously absent from those papers. For example, petitioner did not provide the signature page from this undated motion for relief judgment; his motion ends mid-sentence on page 6. *See* Motion (ECF No. 24-1, PageID.1477). Nor has petitioner filed a copy of a docket sheet or a proof of service on that motion. Petitioner did provide a copy of a proof of service dated December 7, 2017 regarding a "Motion for extension of time" filed in the Eaton County Circuit Court. *See* Proof of Service (ECF No. 24-1, PageID.1478). Petitioner also provided a copy of the order denying his motion for relief from judgment, which was entered in the Eaton County Circuit Court on January 25, 2018. *See* Opinion and Order (ECF No. 24-1, PageID.1481-1484). However, this order does not recite when petitioner filed the motion. In summary, petitioner has not shown that he complied with the Court's order regarding the timeline for returning to the state court within 30 days. Rather, it appears that petitioner may not have filed his motion until sometime after he sought an extension of time to file the motion in the state court on December 7, 2017 (about 120 days after the Court stayed the case). Because petitioner did not comply with the Court's order to file a motion in the state court within 30 days, the Court should re-open the habeas proceeding, dismiss the unexhausted claim(s), and address the exhausted claims set forth in the original petition.

In addition, the record presented by petitioner reflects that his motion for relief from judgment went beyond the scope of the unexhausted claims in Issue II, which was limited to insufficient evidence, *i.e.*, evidence of intent, premeditation, and deliberation. Rather, petitioner

4

filed a "Supplement to Petition for Habeas Corpus" (ECF No. 25) which listed a number of new claims in Supplemental Grounds Two and Three:

> 1. **Supplemental Ground One.** The evidence of intent, premeditation and deliberation is insufficient to sustain Petitioner's conviction, contrary to US Const. Am XIV, *Jackson v Virginia*, 443 US 307; 99 S Ct 2781; 61 L Ed 2d 560 (1979); *In re Winship*, 397 US 358; 90 S Ct 1068; 25 L Ed 2d 368 (1970).
>
> 2. **Supplemental Ground Two.** Trial counsel was ineffective in the following ways, contrary to US Const. Am VI:
>
>> a. failure to object to the prosecution's failure to test the light fixture and failure to have a defense expert check the light fixture;
>>
>> b. conflict of interest and actual bias against Defendant;
>>
>> c. failure to object to misleading police testimony and prosecutor argument;
>
> 3. **Supplemental Ground Three.**  Petitioner had ineffective assistance of appellate counsel for failure to raise the issues in Supplemental Grounds One and Two, above.

Supplement (ECF No. 25, PageID.1487-1488) (emphasis in original).

The amended petition did not seek relief for ineffective assistance of counsel.  Even if petitioner had timely exhausted his claims with respect to Issue II (as set forth in "Supplemental Ground One"), petitioner cannot proceed with his new claims of ineffective assistance of counsel set forth in "Supplement Ground Two" and "Supplemental Ground Three".  *See Holt v. Lafler*, No. 1:08-cv-295, 2010 WL 3341515 at *3 (W.D. Mich. Aug. 23, 2010) ("Petitioner may not utilize the stay and abeyance procedure to supplement a pending habeas petition with new claims."). Accordingly, petitioner's attempt to amend his amended petition with Supplemental Grounds Two and Three should be denied.

### V.    Recommendation

Accordingly, for the reasons set forth above, I respectfully recommend that petitioner's motion to re-open the proceedings (ECF No. 24) be **GRANTED in part**. The Court

should **RE-OPEN** the proceedings, **DISMISS** petitioner's unexhausted claims, and **ADDRESS** the merits of the amended petition as to Issues I, Issue II (limited to petitioner's argument that the evidence was insufficient to prove that the victim died as a result of strangulation or suffocation, or both), and Issue III.


Dated: November 5, 2019                                       /s/ Ray Kent
                                                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).