UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK A. VERCRUYSSE,

    Petitioner,

v.

BONITA HOFFNER,

    Respondent.

_____/

Case No. 1:16-cv-60

HON. JANET T. NEFF

## OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court grant in part Petitioner's Motion to Reopen (ECF No. 24). Specifically, the Magistrate Judge recommended that the Court reopen the proceedings, dismiss Petitioner's unexhausted claims, and address the merits of the amended petition as to Issues I, II, and III. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (ECF No. 28). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court issues this Opinion and Order, granting in part and denying in part Plaintiff's objections.

Petitioner presents three objections directed to the Court not acknowledging Petitioner's "ineffective assistance of counsel" claim (ECF No. 28 at Page.ID1554-1555). First, Petitioner argues that the Magistrate Judge erred by omitting a statement, from the Report and Recommendation, that Petitioner also sought to exhaust issues relating to the ineffective assistance

of counsel (*id.* at 1554). Second, Petitioner argues there "was an error / oversight on the [c]ourt's part" when "the [c]ourt made no mention" in the October 31, 2017 Order "that Petitioner sought to exhaust issues relating to ineffective assistance" (*id*. at PageID.1555). Third, Petitioner argues the November 5, 2019 Report and Recommendation "repeats its original error by again not noticing that Petitioner had originally sought to exhaust issues relating to ineffectiveness of counsel" (*id*.).

All three of these objections fail for the same reason: Petitioner never raised the ineffective-assistance claim in his Petition or Amended Petition (ECF No. 27 at PageID.1551-1552). In the Report and Recommendation, the Magistrate Judge properly stated,

> [t]he amended petition did not seek relief for ineffective assistance of counsel. … [P]etitioner cannot proceed with his new claims of ineffective assistance of counsel set forth in "Supplement Ground Two" and "Supplemental Ground Three". See *Holt v. Lafler*, No. 1:08-cv-295, 2010 WL 3341515 at *3 (W.D. Mich. Aug. 23, 2010) ("Petitioner may not utilize the stay and abeyance procedure to supplement a pending habeas petition with new claims."). Accordingly, petitioner's attempt to amend his amended petition with Supplemental Grounds Two and Three should be denied.

(*id*. at PageID.1552). The ineffective-assistance claim was not raised in his petition for habeas relief; therefore, the claim is not properly before the Court. Petitioner's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Objections one, two, and three are denied.

Petitioner's fourth objection addresses the Magistrate Judge's statement that "Petitioner has not provided any evidence that he filed his motion for relief from judgment within 30 days as directed by the [c]ourt" (ECF No. 27 at PageID.1551). The August 8, 2017 Order (ECF No. 18) directed that:

> **IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of this order to file a motion for relief from judgment in the Eaton County Circuit Court raising the sufficiency of the evidence claim with respect to intent,

2

> motive, premeditation, and deliberation. Petitioner must file a motion to lift the stay and re-open this action no later than thirty (30) days after a final decision by the Michigan Supreme Court on his unexhausted claims. *Petitioner's motion shall include a description of the newly exhausted claims and the dates and substance of decision at each step of state-court review.*

(ECF No. 18 at PageID.1453) (second emphasis added). Petitioner does not deny that he failed to include this evidence with his motion, but merely explains that he met the filing deadline and will provide the Court with proof (ECF No. 28 at PageID.1556). Petitioner's proof consists of "a receipt showing he gave his motion for relief from judgment to his RUM, as verified mail, on September 6, 2017"[1] (*id.*). The evidence upon which Petitioner relies (ECF Nos. 29 & 30) was filed after the issuance of the Report and Recommendation. Thus, the Magistrate Judge did not have the benefit of this evidence when reaching a recommendation on Petitioner's motion. For this reason, the Magistrate Judge was correct to "dismiss the unexhausted claims" (ECF No. 27 at PageID.1551). However, the new evidence filed by Petitioner appears to establish that his state-court motion was timely filed within 30 days.

The Court recognizes that it has discretion to consider the late-submitted proofs of filing when resolving Petitioner's Objections. *See Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009). The Magistrate Judge Act "grants district courts the discretion to 'accept, reject, or modify, in whole or in part' the findings or recommendations of the magistrate judge and to 'receive further evidence or recommit the matter to the magistrate judge with instructions.'" *Id.* at *1 (citing 28 U.S.C. §636(b)(1)(c)). This Court exercises its discretion by receiving these exhibits as evidence for consideration. In lieu of recommitting the matter to the Magistrate Judge for further analysis, this Court will allow the sufficiency-of-the-evidence claim to proceed with the other exhausted claims in the re-opened habeas proceeding. It

---

[1] This receipt was filed with the Court on November 22, 2019, after the Report and Recommendation and Petitioner's Objection, but references a verification date of September 8, 2017 (ECF No. 29-1 at PageID.1561).

3

appears Petitioner exhausted this claim based on the new evidence submitted. Given the changed circumstances following the Report and Recommendation, the determination therein that Petitioner failed to exhaust this claim is rejected. This Court does not determine with finality that this claim has been exhausted, and instead will allow the Magistrate Judge to make any further determination necessary as the case moves forward. Petitioner's fourth objection is granted only on this limited basis.

This Court does not take decisions to accept late evidentiary submissions lightly, especially after the Magistrate Judge clearly emphasized Petitioner's requirements in the August 8, 2017 Order (ECF No. 18). Any further dilatory conduct or failure to comply with the Court's specific orders or procedures will be reviewed by the Court with the utmost scrutiny. Petitioner's failure to comply with all requirements may result in adverse rulings, including the dismissal of Petitioner's claims.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's ineffective-assistance-of-counsel claim debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 28) are DENIED in part and GRANTED in part. The Report and Recommendation of the Magistrate Judge (ECF No. 27) is APPROVED and ADOPTED as the Opinion of the Court, except as stated herein.

**IT IS FURTHER ORDERED** that the Motion to Reopen (ECF No. 24) is GRANTED in part, as to the exhausted claims; the motion is DENIED in part, as to unexhausted claims and the ineffective assistance of counsel claims, which are **dismissed**.

**IT IS FURTHER ORDERED** that the sufficiency of the evidence claim with respect to intent, motive, premeditation, and deliberation proceed with the other exhausted claims in the re-opened habeas proceeding.

**IT IS FURTHER ORDERED** that this case will proceed before the Magistrate Judge as he determines appropriate and necessary; if Petitioner fails to comply with all court orders and requirements, it may result in adverse rulings, including the dismissal of Petitioner's claims.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: February 27, 2020 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge